UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                    CASE NUMBER: 4:22-mj-30091

MATTHEW THOMAS KROL,

    *Defendant.*
_____/

### ORDER GRANTING UNITED STATES' MOTION FOR PRETRIAL DETENTION AND ORDER OF DETENTION.

Pending before the court is the Government's Motion for Detention. (ECF No. 6). On February 28, 2022, the undersigned Magistrate Judge convened a detention hearing pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f). During that hearing, the court received information proffered by the parties,[1] and oral argument from counsel for the Government and for the Defendant. The credible information submitted at the hearing establishes by clear and convincing evidence that defendant is a danger to the community.

The Bail Reform Act of 1984 provides that if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure

---

[1] At the detention hearing, both the government and the defendant may offer evidence or proceed by proffer. *United States v. Smith*, 79 F.3d 1208, 1210 (D.C. Cir. 1996).

the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1). Even if the defendant does not pose a flight risk, danger to the community alone is sufficient reason to order pretrial detention. *United States v. Salerno*, 481 U.S. 739, 754-55 (1987). In making this determination, the Court must consider the factors set forth in 18 U.S.C. § 3142(g), including: (1) the nature and circumstances of the alleged offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community if the defendant is released. If the Court determines that a detention order is necessary, it shall submit a written statement of the reasons for the detention. 18 U.S.C. § 3142(i)(1).

Under the requisite factors, the Court makes these findings.

*1. Nature and Circumstances of the Offenses Charged.*

First, the Court needs to consider "the nature and circumstances of the offense charged, including whether the offense is a crime of violence." 18 U.S.C. § 3142(g)(1). To differentiate the severity of the conduct among the hundreds of defendants charged in connection with the events on January 6, the next considerations are helpful: (1) whether the defendant has been charged with felony or misdemeanor offenses; (2) the extent of the defendant's prior planning, "for

example, by obtaining weapons or tactical gear"; (3) whether the defendant used or carried a dangerous weapon; (4) evidence of coordination with other protestors before, during, or after the riot; (5) whether the defendant played a leadership role in the events of January 6, 2021; and (6) the "words and movements during the riot" – *e.g.*, whether the defendant "remained only on the grounds surrounding the Capitol" or stormed into the Capitol interior, or whether the defendant "injured, attempted to injure, or threatened to injure others. *United States v. Chrestman*, 525 F. Supp. 3d 14, 23-27 (D.D.C. 2021).

Three of the six *Chrestman* factors strongly support a finding that culpability in relation to his fellow rioters is high. First, Defendant has been charged with a felony offense. "Felony charges are by definition more serious than misdemeanor charges; the nature of a felony offense is therefore substantially more likely to weigh in favor of pretrial detention than the nature of a misdemeanor offense." *Chrestman*, 525 F. Supp. 3d 26. Further, Section 3142(g)(1) specifically directs the Court to consider whether a defendant has been charged with a crime of violence, and at least one of the offenses charged – using a deadly weapon while assaulting an officer – is a crime of violence.

Second, Defendant used a dangerous weapon, a police baton, during the riot. While it does not appear Defendant travelled with a weapon to the Capitol,

defendant took the weapon from a vulnerable officer and then used the stolen baton in assaulting others.

As a result, the first factor weighs in favor of detention.

2. *Weight of the Evidence Against Mr. Krol*

The second factor concerns the "weight of the evidence against the person." 18 U.S.C. § 3142(g)(2). The weight of the evidence against Defendant is strong. Defendant was indisputably present at the United States Capitol on January 6, 2021. The government has proffered video evidence, cellular telephone evidence, and testimonial evidence from Defendant himself in support of the charged offenses. Video footage depicts Defendant using physical force with a dangerous weapon against officers. In consideration of the strength of the government's evidence against defendant, the Court finds the second factor weighs in favor of his continued pretrial detention.

3. *History and Characteristics of the Person.*

When addressing this factor, the Court first considers Mr. Krol's history and characteristics. The Court finds the third factor favors release. Defendant is 63 years old, has a dated criminal record involving two arrests later dismissed, and he self-reports a minimal history of alcohol and illegal controlled substance use

4. *Nature and Seriousness of the Danger to any Person or the Community.*

The final factor to consider is "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). This factor is the hardest to assess in this case. The D.C. Circuit has conveyed that merely showing the danger a person posed to others or the community, or even or democratic institutions, on January 6 is not enough to justify pretrial detention, "now that the specific circumstances of January 6 have passed." *United States v. Munchel*, 991 F.3d 1273, 1284 (D.C. Cir. 2021). That said, the government suggests Defendant's danger to the community based on his actions on January 6, 2021 emphasizing the physical force he used against the officers. Pretrial Services also recommends detention.

The nature and circumstances of Defendant's offenses evidences a clear disregard for the safety of others and law enforcement in particular. Krol also admitted he associates with a number of people who have been charged with the plot to kidnap Governor Whitmer and that he is a militia enthusiast. Specifically, when questioned by members of the Federal Bureau of Investigation about Facebook messages he exchanged with people before January 6, he commented "[I] spoke on the Michigan Capital [sic] steps last fall that I would rather apprehend Tyrants at the Capital [sic], hang them on those beautiful oak trees then kill citizens in a civil war…just sayin."

Based on the record before the Court, the information submitted on behalf of Defendant does not outweigh the fact that he displayed an extremely troubling disregard for the law.  Between Krol's egregious actions at the Capitol, his interaction with Customs and Border Protection on October 27, 2021, and his comments to investigating agents with the Federal Bureau of Investigation, the Court is convinced his danger to the community is continuing and that releasing him would risk further potential violence.  As a result, the Court finds that there are no conditions sufficient to address the concern for danger that Defendant poses to the community.  This fourth and final § 3142(g) factor supports detention.

Having considered all relevant statutory factors, the information in the pretrial report, the recommendation of the Pretrial Officer, the seriousness of the possible penalties in this federal case may give Defendant a significant incentive to flee, and the arguments of the parties, the undersigned finds the Court finds that no condition or combination of conditions can reasonably guarantee the safety of the community.

For these reasons, Defendant **SHALL** remain detained pending resolution of this criminal case or further order of the court.

**IT IS SO ORDERED.**

Date: February 28, 2022                    s/Curtis Ivy, Jr
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge